IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02502-WDM-KLM

ROBERT C. NORRIS, individually and as Co-Trustee of the Robert C. Norris Trust Under Will dated August 28, 1973,
JANE W. NORRIS,
STEVEN W. NORRIS, individually and as Co-Trustee of the Robert C. Norris Trust Under Will dated August 28, 1973 and as Co-Trustee of the Robert Angell Norris 1972 Trust,
ROBERT A. NORRIS, individually and as Co-Trustee of the Steven W. Norris Trust dated August 9, 1972,
LESLIE N. PENKHUS,
RAYMOND JAMES TRUST, N.A., as Trustee of the Robert C. Norris Trust Under Trust dated December 19, 1941, as Co-Trustee of the Steven W. Norris Trust dated August 9, 1972, as Co-Trustee of the Leslie Jane Norris (Penkhus) Trust dated August 9, 1972, and as a Co-Trustee of the Robert C. Norris Trust Under Will dated August 28, 1973,
THE FROST NATIONAL BANK, as Co-Trustee of the Robert Angell Norris 1972 Trust, and
CAROL SONDRUP, as Co-Trustee of the Leslie Jane Norris (Penkhus) Trust dated August 9, 1972,

    Plaintiffs,

v.

MERRILL LYNCH & CO, INC.,
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,
MERRILL LYNCH TRUST COMPANY,
MERRILL LYNCH TRUST COMPANY OF AMERICA,
BARRON SWANKY, and
JOHN DOE NOS. 1-99,

    Defendants.
_____

## ORDER GRANTING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a **Joint Stipulated Motion to Stay Federal Proceedings Pending Completion of Arbitration** [Docket No. 30; Filed January 7, 2010] (the "Motion").  For the reasons stated below, IT IS HEREBY **ORDERED** that the Motion

is **GRANTED.**

A stay of discovery is generally disfavored in this district. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2. 2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The Court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at * 2 (D.Colo. Mar. 30, 2006) (describing five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* Here, these factors weigh in favor of the entry of a stay.

First, all parties agree that a stay should be granted. Plaintiffs acknowledge that their claims are subject to the arbitration provisions of agreements between them and Defendants. The parties have a shared interest in the resolution of the case through arbitration and have agreed on procedures for the arbitration, including the scope of discovery. *See Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. March 10, 2008) (finding stay of discovery appropriate "where discovery on all issues of the broad complaint would be wasteful and burdensome"). Clearly, a stay would be in the interest of the parties.

A stay of the proceedings would also be convenient for the Court. If arbitration ultimately resolves the case, a stay will have allowed the Court to avoid expending resources in managing an action. This fact supports the entry of a stay.

Plaintiffs and Defendants do not identify any non-parties as having an interest in this matter, and the general public interest weighs in favor of a stay. "There is a strong federal

policy favoring arbitration for dispute resolution." *Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.*, 176 F.Supp. 2d 1091, 1095 (D. Colo. 2001).  In addition, the Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration.  *See* C.R.S. § 13-22-207(6) (the court shall stay any judicial proceeding that involves a claim alleged to be subject to arbitration).

Balancing the five factors considered herein, the Court concludes that a stay of proceedings is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the case is **STAYED** pending completion of arbitration in this matter.

IT IS HEREBY FURTHER **ORDERED** that the Scheduling Conference set for February 4, 2010 at 10:00 a.m. is **VACATED**.

IT IS HEREBY FURTHER **ORDERED** that upon the resolution of arbitration, the parties are directed to file a Joint Status Report, indicating whether a Scheduling Conference should be set in this matter and proposing dates for any necessary conference.

Dated:   February 1, 2010

                                            BY THE COURT:

                                            s/ Kristen L. Mix
                                            U.S. Magistrate Judge
                                            Kristen L. Mix